Mohammad Zaki UDDIN, Petitioner,

v.

Alberto GONZALES, Attorney
General, Respondent.

No. 05–4912–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Edward J. Cuccia, Ferro & Cuccia, New
York, NY, for Petitioner.

Tinos Diamantatos, Assistant United
States Attorney (Craig Oswald and Ed-
mond E. Chang, on the brief), for Patrick
J. Fitzgerald, United States Attorney for
the Northern District of Illinois, Chicago,
IL., for Respondent.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, Hon. ROSEMARY S.
POOLER, Circuit Judge, and Hon.

LEONARD B. SAND, District Judge.[*]

### *SUMMARY ORDER*

Petitioner Mohammad Zaki Uddin, a native and citizen of Bangladesh, seeks review of an August 10, 2005 decision of the BIA dismissing his appeal of the May 4, 2004 decision of immigration judge Vivienne Gordon–Uruakpa ("IJ") denying his application for asylum and withholding of removal. *In re Uddin*, No. A96–429–502 (B.I.A. Aug. 10, 2005), *aff'g* A96–429–502 (Immig. Ct. N.Y. City May 4, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where, as here, the BIA issues a summary opinion that essentially adopts the IJ's conclusions, we review the IJ's decision, *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003), and conduct our review pursuant to the substantial evidence standard, treating the IJ's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Uddin overstayed a student visa, and asserted a risk of persecution as a defense to removal proceedings nine years after arrival.

Substantial evidence supports the IJ's determination that Uddin failed to establish a clear probability that his "life or freedom would be threatened in [Bangladesh] because of [his] ... religion." 8 U.S.C. § 1231(b)(3)(A). Uddin testified "that he is not of any particular religious faith" and that this results in "pressure" from his Muslim peers, "reprimand[s]" from his Muslim parents, and a feeling of "not fitting in." Uddin testified that his father told him that during Uddin's stay in the United States, members of an Islamic group extorted the equivalent of ten dollars from Uddin's family. Uddin admits that "he does not know what the situation would be" if he returned to Bangladesh, but claims that, according to his parents, "there are cases of abduction for high ransom." His parents "do not want him to return because they are concerned for his safety." This evidence does not compel a conclusion that it is more likely than not that Uddin would face a threat to his life or freedom in Bangladesh, or that any such threat would be "because of" his lack of religious belief (as opposed to his perceived ability to pay). 8 U.S.C. § 1231(b)(3)(A); *cf. Zhang v. Gonzales*, 426 F.3d 540, 544–45 (2d Cir.2005). Uddin's brief mainly argues that the record evidence does not focus on the situation of persons who, without converting to another religion, do not actively practice Islam. That may be; but it was Uddin's burden to make such a showing if his claim depended on it.

For the reasons set forth above, the petition is hereby **DENIED**.

[*] The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.